UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
THOMAS CLAY,

                Plaintiff,

- against -

BETTY MYERS, WILLIAM BROWN, RUTH
SELBY, ESQ., OTERO ZORAIDA, CARL
TRUNK, ESQ., SPIEGEL & LAGARENNE,
ESQ., RAM ABSTRACT LTD., FLEET
NATIONAL BANK, FEDERAL RESERVE
BANK,

                Defendants.
-------------------------------------------------------- X

**MEMORANDUM**
**DECISION AND ORDER**

12 Civ. 1535 (BMC)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ APR 27 2012 ★
BROOKLYN OFFICE

**COGAN**, District Judge.

    Plaintiff, currently incarcerated at Sing Sing Correctional Facility, brings this *pro se* action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights in connection with the distribution of his mother's estate. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted solely for the purpose of this Order. Plaintiff's complaint is dismissed for the reasons set forth below.

## BACKGROUND

    Although the precise nature of the circumstances giving rise to this lawsuit are unclear, plaintiff alleges that his constitutional rights were violated when he "was deprived out my home property interest thru my mother's estate . . . that was wrongfully sold from the defendants thru false documents . . . ." Plaintiff annexes to his complaint a copy of a durable power of attorney dated December 12, 2003, which gives Betty Myers authority to manage his mother Carolyn Clay's financial affairs. Although the power of attorney states that Betty Myers is Carolyn's

sister, plaintiff alleges that this is incorrect. Plaintiff contends that defendant Myers falsified the power of attorney in order to misappropriate his mother's assets, including her house in Brooklyn, and that, as a result of this fraud, he was deprived of his inheritance once his mother passed away. Plaintiff seeks a declaratory judgment and monetary damages.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." However, courts must construe a *pro se* litigant's pleadings liberally, see Chavis v. Chappius, 618 F.3d 162, 171 (2d Cir. 2010), especially when those pleadings allege civil rights violations, see Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008). Nevertheless, a complaint must plead enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007). "A claim has facial plausability when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557, 127 S. Ct. 1955).

2

A *pro se* complaint that fails to state a claim should not be dismissed without granting leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam). However, the law is well-settled that leave to amend need not be granted when the substantive deficiencies in the complaint establish that amendment would be futile. See Cuoco v. Mortisugu, 222 F.3d 99, 112 (2d Cir. 2000); see also Ellis v. Chao, 336 F.3d 114, 127 (2d Cir. 2003).

## DISCUSSION

Federal courts are courts of limited jurisdiction, and may only preside over cases that fall within the subject matters delineated by Congress. See Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541, 106 S. Ct. 1326 (1986); Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). Plaintiff asserts that his claims involve a deprivation of his rights under the Eighth and Fourteenth Amendments, and that jurisdiction is conferred by 42 U.S.C. § 1983. However, in order to maintain an action under § 1983, a plaintiff must allege that the constitutional deprivation complained of was committed by a person acting under color of state law. See Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010). Plaintiff has failed to meet this burden here.

The gravamen of plaintiff's complaint is that defendant Myers forged a document that granted her power of attorney on behalf of plaintiff's mother, and that the remaining defendants never questioned the authenticity of this document. However, all but one of the defendants in this case appear to be private actors, and plaintiff offers nothing more than the conclusory assertion that defendants "acted under color of state law" to suggest otherwise. As stated by the

3

Supreme Court, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." American Manufacturers Mutual Insurance Co. v. Sullivan, 526 U.S. 40, 50, 119 S. Ct. 977, 985 (1999) (internal quotation marks omitted); cf. Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295, 121 S. Ct. 924, 930 (2001) ("[S]tate action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'") (quoting Jackson v. Metro. Edison Co., 419 U.S. 345, 351, 95 S. Ct. 449, 453 (1974)). Thus, plaintiff has failed to state a claim against Betty Myers, William Brown, Ruth Selby, Otero Zoraida, Carl Trunk, Spiegel & Lagarenne, Ram Abstract Ltd., or Fleet National Bank.

With regard to the remaining defendant the Federal Reserve Bank of New York, although it is not a private actor, it does not act on behalf of a state either. Rather, the Federal Reserve Bank is a corporate entity of the United States that derives its powers from, and is chartered pursuant to, the Federal Reserve Act. See Khan v. Fed. Reserve Bank of New York, No. 02 Civ. 8893, 2005 U.S. Dist. LEXIS 1543, at *39 (S.D.N.Y. Feb. 2, 2005); Scott v. Fed. Reserve Bank of New York, 704 F. Supp. 441, 446 (S.D.N.Y. 1989). Accordingly, the Federal Reserve Bank does not act under color of state law. See Khan, 2005 U.S. Dist. LEXIS 1643, at *39; Scott, 704 F. Supp. at 447. Moreover, plaintiff has not alleged sufficient facts to state a plausible claim under any other federal statute. Plaintiff's allegation that the Federal Reserve Bank never questioned the power of attorney is insufficient as a matter of law, and plaintiff's claim against this defendant is therefore dismissed as well.[1]

---

[1] This failing applies with equal force to the remaining defendants, with the exception of Myers.

4

## CONCLUSION

Plaintiff's complaint is hereby dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). After construing plaintiff's complaint liberally and interpreting his claims to raise the strongest arguments that they suggest, it is clear that he cannot assert a valid federal claim. Any amendment to his complaint would therefore be futile. See Ellis, 336 F.3d at 127; Cuoco, 222 F.3d at 112 (2d Cir. 2000).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purposes of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917 (1962).

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
April 26, 2012